UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| THOMAS ERIC CONMY, | Case No. 2:15-CV-495-KJD-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| OFFICE OF THE ATTORNEY GENERAL OF THE UNITED STATES, | |
| Defendant. | |

**I. Background**

Before the Court is Plaintiff Conmy's Motion to Construe Pleadings as a Motion under 28 U.S.C. §2255(f)(4) (#7). The time for Defendant to file a response has passed.

This case has a somewhat convoluted history. Conmy originally filed his complaint in the District of Columbia (#1). That District noted that the claims brought by Conmy properly arise under 28 U.S.C. § 2255 (#4). The District of Columbia then transferred the case to the District of Nevada in the interests of justice, as this was the sentencing District (#4). The case was originally assigned to Judge Richard F. Boulware, II (#6) but was ultimately transferred to this Court (#8). Conmy was sentenced by this Court in case 2:05-CR-83-KJD-GWF.

**II. Analysis**

Having reviewed Conmy's complaint, the Court cannot disagree with the District of Columbia. At bottom, Conmy is alleging unconstitutional acts by the Government regarding sentencing and relating to his Sixth Amendment right to trial by jury. More importantly, Conmy

has moved for his pleadings to be construed as a motion under 28 U.S.C. § 2255 (#7). Good cause appearing, the Court **HEREBY GRANTS** the Motion.

However, Conmy has already filed a motion under § 2255 in 2:05-CR-83-KJD-GWF (#100), and this Court has already denied that motion (#114). Conmy's appeal of that order was dismissed by the Ninth Circuit (#127). This is important because § 2255 provides in relevant part as follows:

> **(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

No Ninth Circuit panel has certified this motion. Further, Conmy has failed to even allege, that there is any newly discovered evidence, or a new rule of constitutional law. Accordingly, it appears that even were this question before the proper panel, it could not be certified. In such circumstances, the proper course for this Court is to deny the motion as a second or successive motion under § 2255(h).

Conmy argues that this Court is precluded from dismissing the motion as second or successive under the important precedent set forth in Castro v. United States, 540 U.S. 375, 381-83 (2003). Conmy is wrong. There, the Supreme Court discussed the federal courts' recharacterization of *pro se* litigant's motions. Id. at 381. While this power is broad, it has an important limit relating to *first* motions under § 2255. Id. at 381-82. The Supreme Court held that in recharacterizing a *pro se* litigant's motion as a *first* § 2255 motion, the court must give notice, warning the litigant that any subsequent § 2255 motion will be subject to the restrictions on second or successive § 2255 motions, and the court must allow the litigant to withdraw or amend

the motion. Id. at 383. This rule protects *pro se* litigants by ensuring that all of a litigant's claims under § 2255 are heard before the bar on second or successive motions is raised. However, this protection does not apply here.

First, the Court is recharacterizing the pleadings in this case in part because Conmy petitioned the Court for precisely this action. Conmy cannot be heard to complain about the natural consequences of his own petition for relief. Second, the motion is recharacterized as a *second* motion under § 2255, not as a *first* motion, making Castro inapplicable. The right to bring all § 2255 claims prior to raising the bar on second or successive motions has already been exercised by Conmy, which is why Castro does not apply. Lastly, Conmy is not prejudiced by this Court's recharacterization and denial. To the extent that Conmy wishes to bring additional claims in a second motion under § 2255, he must comply with the stringent requirements found in § 2255(h). On the other hand, if Conmy wishes to raise claims that do not arise under § 2255, this Court's dismissal in no way precludes Conmy from filing suit in furtherance of those claims.

**III. Conclusion**

For all of the reasons discussed above, Conmy's Motion to Construe Pleadings as a Motion under 28 U.S.C. §2255(f)(4) (#7) is **HEREBY GRANTED**.

Further, this Court **HEREBY DENIES** this motion, which properly belongs with Conmy's original case in 2:05-CR-83-KJD-GWF, as an unauthorized second motion under § 2255.

DATED this 24th day of April, 2015.

_____
Kent J. Dawson
United States District Judge